UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 09-1763 (PLF)
                                    )
$4,620 IN UNITED STATES CURRENCY,   )
                                    )
    Defendant *in rem*.             )
_____)

MEMORANDUM OPINION

        This matter is before the Court on the unopposed motion of plaintiff, the United States of America, for a default judgment and final order of forfeiture against the defendant property under 18 U.S.C. § 983(a)(4) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The defendant property is $4,620.00 in United States currency. Upon consideration of the government's verified complaint, its pending motion, the relevant legal authorities, and the entire record in this case, the Court will grant the government's motion for a default judgment and final order of forfeiture.[1]

        Federal police agents seized the currency at issue on January 26, 2009, when serving a search warrant for guns and drugs at the residence at 3711 22nd Street, Northeast, in the District of Columbia. See Compl. ¶¶ 7, 8. The agents seized $3,000.00 from a cardboard box under towels found at the foot of the bed in the master bedroom. Id. ¶ 10. They seized

---

[1] Among the papers reviewed in connection with the pending motion include: the United States' verified complaint for forfeiture *in rem* ("Compl."); and the United States' motion for entry of a default judgment and for final order of forfeiture ("Mot.").

another $1,620.00 from a vase on a shelf over the master bedroom door. Id. ¶ 11. The apparent possessor of the money, Shelton Oliver Campbell, told police the money had come from the sale of a Mazda automobile for $5,000.00. Id. ¶ 17. Mr. Campbell said he did not know the name of the "Spanish male" to whom he had sold the vehicle. Id. ¶ 18. When serving the search warrant, police also seized cocaine and marijuana. Id. ¶ 12. Mr. Campbell has a history of arrests and convictions for crimes involving illegal narcotics. Id. ¶¶ 20-26.

On September 17, 2009, the government commenced this action by filing a verified complaint for forfeiture *in rem*. See Compl. ¶ 1. The Clerk of the Court issued a warrant of arrest *in rem*, which was served on the defendant property on September 21, 2009. See Mot. at 2. On September 18, 2009, the government sent copies of the complaint and warrant of arrest *in rem* through the U.S. mails to Mr. Campbell at his personal address in Rockville, Maryland, and to Mr. Campbell's counsel at her office address in the District of Columbia. See id. at 2-3. In addition, the government published notice of this action on its website, www.forfeiture.gov, for 30 consecutive days, beginning on September 19, 2009. Id. at 3.

On October 25, 2009, through counsel, Mr. Campbell filed a claim to the defendant property. After making his claim, however, Mr. Campbell failed to file an answer within the 21-day window required by Supplemental Rule G(5)(b). No one else has filed a claim or any other pleading in this case. On January 7, 2010, the government filed a motion to strike Mr. Campbell's claim and for entry of a default judgment and final order of forfeiture. Mr. Campbell filed an opposition on January 20, 2010, accompanied by a motion for leave to file an answer — his first, and only, attempt to file an answer. Six days later, the Court denied without prejudice Mr. Campbell's motion for leave to file an answer for failure to comply with Local

2

Civil Rule 7(m). Mr. Campbell never sought to renew the motion. On March 24, 2010, the government filed a motion to treat as conceded its motion to strike and for entry of a default judgment and final order of forfeiture. Mr. Campbell did not respond or make any other filing in this case.

On August 6, 2010, the Court issued a Memorandum Opinion granting in part and denying in part the government's motion to strike Mr. Campbell's claim and for entry of a default judgment and final order of forfeiture. See Memorandum Op. at 4-5, Aug. 6, 2010; see also Order at 1, Aug. 6, 2010. Specifically, the Court granted the government's motion to strike Mr. Campbell's claim, see Memorandum Op. at 4-5, but the Court denied without prejudice the government's motion for default judgment because it was premature. Id. at 5. With respect to the latter, the Court stated:

> [T]he United States served a Warrant of Arrest on the defendant currency on September 21, 2009. The government gave direct notice of the complaint and warrant to the known potential claimant, Shelton Campbell, on or about September 18, 2009. Notice was mailed to Mr. Campbell directly, as well as to his attorney, in compliance with Supplemental Rule G(4)(B). In addition, the government gave notice of the action by publication on its website, www.forfeiture.gov, for 30 consecutive days, beginning on September 19, 2009, pursuant to Supplemental Rule G(4)(a)(iv)(C). The Court therefore finds that sufficient notice was given.
>
> No other individual other than Mr. Campbell has filed any pleading to challenge forfeiture of the defendant property, and the time for filing a claim has expired. The Court has stricken Mr. Campbell's claim. There therefore are no claimants to the defendant funds. The Court concludes that the government is entitled to an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Court therefore will direct the Clerk of the Court to enter a default against Shelton Campbell. Because Rule 55 requires entry of a default by the Clerk before a default

> judgment may be entered, the government's motion for default
> judgment is premature. The Court therefore will deny the motion
> without prejudice to refiling after the Clerk's entry of a default.

Memorandum Op. at 5, Aug. 6, 2010 (internal citations omitted).

On August 9, 2010, the Clerk of the Court entered a default against Mr. Campbell due to his failure to plead or otherwise defend a claim after process was fully issued. Subsequently, on October 18, 2010, the government refiled its motion. Now that a default has been entered by the Clerk, the Court concludes that the government is entitled to a default judgment and final order of forfeiture.

> The civil forfeiture statute provides that
>
> [t]he following shall be subject to forfeiture to the United States
> and no property right shall exist in them: . . . . [a]ll moneys,
> negotiable instruments, securities, or other things of value
> furnished or intended to be furnished by any person in exchange
> for a controlled substance or listed chemical in violation of this
> subchapter, all proceeds traceable to such an exchange, and all
> moneys, negotiable instruments, and securities used or intended to
> be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). The Court finds that the defendant property was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. The defendant property therefore is forfeitable to the government under 21 U.S.C. § 881(a)(6). Furthermore, the government provided sufficient notice of the seizure of the defendant property. No individual other than Mr. Campbell filed any pleading to challenge the forfeiture of the defendant property, and the time for filing a claim has expired. See Supp. R. G(5)(a)(ii)(B). And the Court has stricken Mr. Campbell's claim — therefore, there are no claimants to the defendant property.

Accordingly, the Court will grant the government's motion for a default judgment and final order of forfeiture [Dkt. No. 15]. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

DATE: April 26, 2011

/s/
PAUL L. FRIEDMAN
United States District Judge